UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALVIN VICKNAIR | CIVIL ACTION |
| VERSUS | NO. 14-1561 |
| THOMAS F. DALEY, TURNER BARRAN, AND ANTHONY ABADIE | SECTION C(3) |

## ORDER AND REASONS

Before this Court are separate motions to dismiss by all three defendants pursuant to Rule 12(b)(6). Rec. Docs. 6, 9, 10. The plaintiff, *pro se*, has filed an opposition to only one of these motions. Rec. Doc. 12. Considering the record, the law, and the submissions of the parties, IT IS ORDERED that the defendants motions are GRANTED and this case is DISMISSED WITH PREJUDICE.

This case concerns an altercation between plaintiff and defendant Anthony Abadie related to a property dispute between the two men. According to the incident report appended to the complaint, defendant Barran, who is a St. John the Baptist Parish Sheriff's deputy, responded to a call for service at 198 17th Street on Friday June 20, 2014 at 2:39 P.M. Rec. Doc. 1 at 5. The plaintiff informed Deputy Barran that defendant Abadie had punched him in the nose for no reason. He requested an ambulance to treat his upper lip, which was bleeding.

Defendant Abadie advised that he had punched the plaintiff in self-defense after the plaintiff approached him in a hostile fashion. According to Abadie, the plaintiff came upon him shouting obscenities when Abadie was riding a lawnmower across his property. Abadie further stated that he had an ongoing dispute with the plaintiff over property lines, but that defendant Daley had issued an order recognizing Abadie's ownership. Defendant Barran spoke to both men who declined to press charges.

Against this backdrop, the plaintiff seeks to hold all three defendants liable for violating his rights under the Fourteenth Amendment to the United States Constitution. Construing the complaint liberally, he either claims that Defendant Daley's alleged order violated his constitutional rights or that the other defendants' reliance on that order during the incident or in filing the report was a violation of his rights (or both). In any case, plaintiff fails to explain how any of the behavior reflected in or embodied by the incident report or the alleged order by defendant Daley violated his constitutional rights.

The plaintiff's complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual content that plaintiff has presented does not allow this Court to "draw [a] reasonable inference that the defendant is liable for" any alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Judgment will therefore enter in favor of defendants, dismissing this case with prejudice.

New Orleans, Louisiana this 12th day of September, 2014.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE